THE STATE, EX REL. RACHEL YEOMANS ET AL., v. THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF RIDGE-WOOD.

The term "by-road" is used in the act of 1882, p. 243, exclusively in the sense which had been given to it by prior judicial construction. It does not apply to private roads laid out by surveyors of the high-ways.

Application for *mandamus.*

Argued at June Term, 1884, before Justices VAN SYCKEL and MAGIE.

For the relator, *S. Tuttle.*

For the defendants, *W. M. Johnson.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This is an application for *mandamus* to compel the township committee of Ridgewood township to lay out as a public road a certain road alleged to be a by-road in use for more than thirty years.

The application is made under an act of the legislature passed March 31st, 1882, which reads as follows :

"An act relating to the opening of by-roads.

"1. *Be it enacted,* That any roads being in public use for thirty years or more, and not laid down on the township books, on which improved farm or other property is situated, shall, on application of one-third of the owners fronting thereon, to the township committee, be by them ordered to be laid out as a public road of such width as they may deem necessary ; and all claims for damages, if any should accrue thereon, to be assessed by three disinterested freeholders, resi-

dent of the said township, to be appointed by the township committee, and all damages awarded to be paid for by the township in which said road lies."

The case shows that the road now proposed to be laid out under this act as a public road, except the last course thereof, (a distance of ninety-four feet,) was on the 9th day of April, 1830, duly laid out as a private road by six surveyors of the highways of the county of Bergen.

The defendants resist the application, on the ground that the act of 1882 does not apply to this case.

It relates exclusively to the opening of by-roads.

Prior to the passage of this act the term "by-road" had a definite, well-understood meaning.

In *Wood* v. *Hurd*, 5 *Vroom* 87, the court says:

"A by-road has no statutory origin. As its name imports, it is an obscure or neighborhood road in its earlier existence, not used to any great extent by the public, yet so far a public road, that the public have, of right, free access to it at all times."

It rests on dedication, and in the case cited is expressly distinguished from a private road laid out by surveyors of the highways on the application of one or more individuals.

It must be presumed that the legislature used the term "by-road" in the sense which had been given to it by judicial construction, and that this act was not intended to apply to laid-out roads.

The act of 1882 furnishes no authority for the proceedings of the relators.

The *mandamus* should be denied, with costs